*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2019-334

FEBRUARY TERM, 2020

| | |
|---|---|
| Matthew Fidler\* v. Michael P. Touchette et al. } | APPEALED FROM: |
| } | |
| } | |
| } | Superior Court, Washington Unit, |
| } | Civil Division |
| } | |
| } | DOCKET NO. 135-3-19 Wncv |

Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the civil division's dismissal of his complaint against defendants for insufficient service of process. We affirm.

On March 15, 2019, plaintiff Matthew Fidler filed a pro se complaint in the civil division against the Commissioner of the Department of Corrections and the superintendent of the facility where he is incarcerated, alleging that he was injured when he slipped and fell on a wet floor. He amended his complaint on April 5, 2019. Plaintiff did not serve process on defendants until July 12, 2019. Defendants moved to dismiss for insufficiency of service of process and failure to state a claim. The court granted the motion on the basis that service was untimely under Vermont Rule of Civil Procedure 3.

On appeal, plaintiff argues that the court erred in dismissing his complaint because it failed to give him the benefit of the "prison mailbox rule." Defendants respond that the court appropriately dismissed the complaint for failure to timely complete service and the appeal is moot because plaintiff filed a new substantively identical complaint against them in October 2019.[*] We agree that service was untimely and therefore do not address defendants' alternative argument regarding mootness.

Plaintiff was required to serve the summons and complaint on defendants within sixty days after filing his complaint. See V.R.C.P. 3(a) ("When an action is commenced by filing, summons and complaint must be served upon the defendant within 60 days after the filing of the complaint."). Rule 3(b), the so-called "prison mailbox rule," provides that "[a] complaint filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." Assuming without deciding that the provisions of Rule 3(b) apply to service of process in addition to filing, plaintiff has failed to demonstrate that he met the requirements of the rule. Plaintiff filed his complaint in the civil division on March 15, 2019.

---

[*] Trial court records indicate that plaintiff's second action is currently pending in the civil division.

He had until May 14, 2019 to complete service on defendants. The waiver-of-service-of-summons form indicates that defendants were served on July 12, 2019—119 days after filing. Plaintiff did not allege or demonstrate that he deposited the summons and complaint in the prison mail system on or before the last day service was due. Nor did he request additional time from the court to complete service. Service was therefore untimely.

Plaintiff argues that the court should have been more lenient with him because he is self-represented. "[A]lthough pro se litigants receive some leeway from the courts, they are still bound by the ordinary rules of civil procedure." Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219 (quotation omitted). Here, plaintiff failed to demonstrate that he complied with Rule 3's requirement of timely service. The court therefore did not err in granting defendants' motion to dismiss plaintiff's complaint. See V.R.C.P. 3(a) (stating that "[i]f service is not timely made or the complaint is not timely filed, the action may be dismissed on motion").

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

2